UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1 THROUGH 25,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING EX PARTE MOTION FOR EARLY DISCOVERY OF THE IDENTITIES OF THE CYBERPIRATE DOE DEFENDANTS (DOC. NO. 5)**<br><br>Case No. 2:24-cv-00065<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Volkswagen Group of America, Inc. moves for expedited discovery in advance of a Rule 26(f) scheduling conference in order to identify and serve the defendants in this case.[1] Volkswagen filed this action under the Anticybersquatting Consumer Protection Act ("ACPA")[2] alleging the defendants, whose identities are unknown, unlawfully registered numerous domain names that are confusingly similar to Volkswagen's official websites.[3] Volkswagen seeks leave to conduct early discovery to identify and obtain contact information for service of process of the defendants.[4]

Rule 26 of the Federal Rules of Civil Procedure provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f),

---

[1] (Ex Parte Mot. for Early Disc. of the Identities of the Cyberpirate Doe Defs. ("Mot."), Doc. No. 5.)

[2] 15 U.S.C. § 1125(d).

[3] (Compl. ¶¶ 15–16, Doc. No. 2.)

[4] (Mot. 1, Doc. No. 5.)

1

except . . . when authorized by these rules, by stipulation, or by court order."[5] "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[6] Courts routinely permit expedited discovery into the identities of defendants in cases involving claims that a website is being used for copyright infringement or other unlawful activity.[7]

Volkswagen has shown good cause to permit expedited discovery regarding the defendants' identities in this case. Volkswagen alleges the defendants have unlawfully registered websites designed to impersonate Volkswagen, in violation of the ACPA.[8] And Volkswagen represents the domain name registrars will not release the identity or contact information of the registrants without a subpoena.[9] Under these circumstances, Volkswagen has demonstrated expedited discovery is necessary to identify and serve the defendants.

Accordingly, Volkswagen's motion for expedited discovery[10] is GRANTED, and the court orders as follows:

1. Volkswagen is granted leave to take immediate discovery limited to the issue of determining the identities of the unidentifiable defendants in this matter.

---

[5] Fed. R. Civ. P. 26(d)(1).

[6] *Vient v. Ancestry*, No. 2:19-cv-00051, 2019 U.S. Dist. LEXIS 237828, at *2 (D. Utah Mar. 4, 2019) (unpublished) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

[7] *See, e.g.*, *Crazy ATV, Inc. v. Probst*, No. 1:13-cv-00114, 2014 U.S. Dist. LEXIS 6414, at *4–5 (D. Utah Jan. 16, 2014) (unpublished); *1524948 Alberta Ltd. v. John Doe 1-50*, No. 2:10cv0900, 2010 U.S. Dist. LEXIS 100482, at *3–4 (D. Utah Sept. 22, 2010) (unpublished).

[8] (Compl. ¶¶ 1, 20–22, Doc. No. 2.)

[9] (Mot. 2, Doc. No. 5.)

[10] (Doc. No. 5.)

2. Volkswagen may issue subpoenas on non-parties for the sole purpose of requesting the identities of the registrants of the domain names at issue in this matter.

DATED this 9th day of February, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

3